UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MALONE,

                Plaintiff,

                                           Case No. 12-CV-12654

vs.

                                           HON. GEORGE CARAM STEEH

THE BANK OF NEW YORK MELLON,

                Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/JUDGMENT ON THE PLEADINGS (DOC. # 12)

## INTRODUCTION

Plaintiff Shawn Malone ("Malone"), whose mortgage on her Oak Park, Michigan home was foreclosed, brought this action against her mortgagee, Bank of New York Mellon (BONYM), which was also the successful bidder at the Sheriff's Sale.  Malone asserts various claims relating to the mortgage and foreclosure process.  The matter is before the court on defendant's motion for summary judgment/judgment on the pleadings. Malone is now acting *pro se* and has not responded to the motion.  The court finds that oral argument would not aid in the decisional process; therefore, it is hereby ORDERED pursuant to E.D. Mich. LR 7.1(e)(2) that the motion will be decided on the briefs.  For the reasons given below, the motion is granted.

## BACKGROUND

On August 30, 2005, Malone executed a mortgage and associated promissory note in the amount of $140,000.  Professional Financial Mortgage, Inc. made the loan to Malone, and the mortgage was given to Mortgage Electronic Registration Systems, Inc.,

for the lender and its successor and assigns.  The mortgage encumbered property located at 24351 Moritz, Oak Park, Michigan.  Multiple assignments of the mortgage were made-- ultimately to defendant BONYM on June 16, 2009.

Malone defaulted on the note, and foreclosure commenced.  Defendant purchased the property at a sheriff's sale on August 2, 2011.  No redemption was made within the six month statutory period under Mich. Comp. Laws Ann. § 600.3240, which expired February 2, 2012.  However, this action was filed in the Oakland County Circuit Court on or about April 5, 2012 and removed to this court thereafter.  Defendant's motion summary judgment or for judgment on the pleadings is now before the court for disposition.

STANDARD

Defendant cites both Fed. R. Civ. P. 56(c) and Fed. R. Civ. P. 12(c) in its motion, which it captions as a motion for summary judgment/judgment on the pleadings.  Motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) are evaluated by the same standard as a Rule 12(b)(6) motion to dismiss.  Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008).  A plaintiff may survive a motion to dismiss by pleading "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Amini v. Oberlin College, 259 F. 3d 493, 502 (6th Cir. 2001).  Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are

central to her claim." *Id.* To the extent the court relies on matters external to the pleadings not properly considered on a motion to dismiss, if any, the motion will be considered one for summary judgment.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

DISCUSSION

The complaint in this case was filed by Malone's former counsel, who has filed scores of similar actions in this district and who has been sanctioned by at least one other court in this district for failing to attend hearings and otherwise respond to the court. The generic pleadings routinely filed by this attorney in these mortgage cases are not tailored to the plaintiffs' specific situations, and the undersigned finds that even the most lenient

-3-

pleading standards required to meet Fed. R. Civ. P. 8 have not been met in the case at bar.  A brief examination of the claims follows.

Plaintiff's complaint enumerates five counts: "Quiet Title" (Count I); Unjust Enrichment (Count II);  Breach of Implied Agreement/Specific Performance (Count III); and "Breach of MCL 3205(c)" (Count IV).  Defendant's motion is brought as to all counts in the complaint.

Michigan courts have held that once a redemption period has expired, a plaintiff lacks standing under Michigan law to challenge a foreclosure sale.  See Page v. Everhome Mortgage Co., 2012 WL 3640304 at *2 (Mich. Ct. App. Aug. 23, 2012); Overton v. Mortgage Electronic Registration System, Inc., 2009 WL 1507342 (Mich. Ct. App. May 28, 2009).  Federal courts in this district have considered and rejected the disposition of such claims on the basis of "standing," stating, for instance, that "Overton is best viewed as a merits decision, not a standing case."  Langley v. Chase Home Fin. LLC, 2011 WL 1130926 at *2 (W.D. Mich., Mar. 28, 2011) (Jonker, J.).  It is settled, however, that following the redemption period, a plaintiff may not challenge the foreclosure sale absent a "clear showing of fraud, or irregularity."  Awad v. Gen. Motors Acceptance Corp., 2012 WL 1415166 at *1 (Mich. Ct. App. April 24, 2012).

A close examination of the brief and generic complaint filed in this case shows it to be very similar to, if not identical to, a number of complaints dismissed to date in the district.  Plaintiff lists a number of one line "paragraphs" describing her situation without any particularity.  In that background section, plaintiff states her name and address (that of the subject property), asserting she claims a "fee simple absolute" interest in the property by way of warranty deed, and states she is living in the subject property.  Plaintiffs then

-4-

state that she "attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property," and that a Sheriff's Sale was held in August 2011. She then states that the redemption period has expired, that she was not able to "continue with the Settlement process," and asserts that the court must order that defendant "continue the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that Plaintiff can enter into a Loan Modification." Complaint, ¶¶ 1-12.

Count I follows this generic pleading with allegations no more specific than those that preceded it. Here plaintiff alleges that "the action of the Defendants was intentionally designed to preclude the Plaintiff from entering into a Loan Modification or a negotiated settlement," that "Defendants did undertake to foreclose on the subject property without allowing the Plaintiff to Modify the Loan," and that these actions resulted in the property being transferred to Defendants "by way of a Sheriff's Deed." Complaint, ¶¶ 14-16.

Count II (entitled "Unjust Enrichment") incorporates the previous paragraphs, and reiterates that plaintiff attempted to modify the loan, again alleging that Defendant's actions "were intentionally designed to preclude the Plaintiff from entering into a Loan Modification or negotiate in good faith a settlement in order to keep possession of [her] home." Complaint, ¶ 18. Not one specific instance of such activity on the part of defendant is alleged.

The two remaining claims–i.e. breach of implied agreement/specific performance, and breach of MCL 3205(c), are also based on the defendant's alleged failure to process a loan modification for plaintiff.

The court is not satisfied that plaintiff's form pleading meets the requirements of Fed. R. Civ. P. 8.  To the extent plaintiff alleges fraud, it is certain that the allegations come nowhere close to meeting the standard of Fed. R. Civ. P. 9(b).  The circumstances around the fraud must be described with particularity.  See Jackson v. Segwick Claims Management Services, Inc., 699 F.3d 466 (6th Cir. 2012).  "This includes alleging the 'time, place and content' of the fraudulent acts, the existence of a fraudulent scheme, the intent of the participants in the scheme, and 'the injury resulting from the fraud.'" Id. (quoting Heinrich v. Waiting Angels Adoption Servs., Inc., 668 F.3d 393, 403 (6th Cir. 2012).  As discussed above, the ability of a plaintiff to challenge a foreclosure process after expiration of the redemption period requires a showing of such actions.  Here, where the plaintiff has provided only the most conclusory allegations of fraud or irregularity in the foreclosure process, and provided no response to defendant's motion, her ability to challenge the process has likewise been foreclosed.  See  Awad, 2012 WL 1415166 at *1.

<u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion is hereby **GRANTED**.  Judgment will enter for defendant.

**IT IS SO ORDERED**.

Dated:  June 3, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 3, 2013, by electronic and/or ordinary mail and also on Shawn Malone, 24351 Moritz, Oak Park, MI 48237.

s/Barbara Radke
Deputy Clerk